UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
NERYS GRULLON,

     Plaintiff,

  -against-

DELTA AIR LINES, INC.,

     Defendant.
--------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 17-cv-3617 (FB)(ST)

*Appearances:*
*For the Plaintiff*:
JAMES R. BRAUCHLE, ESQ.
28 Bridgeside Blvd.
Mt. Pleasant, South Carolina 29464

*For the Defendant*:
LOUIS R. MARTINEZ, ESQ.
Martinez & Ritorto, P.C.
30 Wall Street, 8th Floor
New York, New York 10005

**BLOCK, Senior District Judge:**

  Plaintiff Nerys Grullon brings this action against Delta Airlines alleging false arrest, defamation, and negligence.[1]  Delta moves for summary judgment pursuant to Fed. R. Civ. P. 56.  For the reasons stated below, Delta's motion is granted.

I.

  Summary judgment is appropriate when there is no genuine issue of material fact to be tried and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The following facts, taken from the Rule 56.1 statements and supporting documentation, are undisputed unless otherwise noted.  Where disputed,

---

[1] In her opposition brief, Grullon withdrew her intentional infliction of emotional distress claim.

facts are presented in the light most favorable to the plaintiffs. *Federal Ins. Co. v. American Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011).

On August 22, 2016, Grullon boarded a Delta flight back to her home in New York from the Dominican Republic. She was looking for overhead bin space when a disagreement with a flight attendant ensued. Grullon testified that the attendant needlessly scolded her, while the attendant testified that Grullon became aggressive.

The incident was reported to the Captain, who decided that Grullon could not remain on the flight. Victor Rodriguez, a Delta customer service supervisor, boarded the plane to escort Grullon off. He called airport security (CESAC) for assistance.[2]

CESAC escorted Grullon to their security office where Grullon alleges that she was "detained." However, she was able to contact a local prosecutor to assist her. Grullon claims that Delta threatened her with criminal prosecution.

After speaking with Grullon and Rodriguez, the prosecutor drafted a release where both parties agreed to refrain from asserting any legal claims against the other. Both parties signed the release.

## II.

Delta argues that it is entitled to summary judgment because Grullon signed a valid release of her claims. Plaintiff contends that: (1) she signed the release under

---

[2] CESAC officers are not employees of Delta.

duress; (2) the duress is ongoing, alleviating any obligation to repudiate; and (3) her lack of sophistication reasonably caused her delay in repudiating the release. [3]

First, a contract executed under duress is voidable, not void. *VKK Corp. v. Nat. Football League,* 244 F.3d 114, 122 (2d Cir. 2001). Delta's alleged threat of criminal prosecution is sufficient to find Grullon signed the release under duress. *See In re Guttenplan,* 634 N.Y.S.2d 702, 703 (1st Dep't 1995). However, "the person claiming duress must act *promptly* to repudiate the . . . release or he will be deemed to have waived his right to do so." *VKK Corp.,* 244 F.3d at 122 (internal citations and quotations omitted) (emphasis added).

Grullon did not repudiate the release until ten months after the incident. *See* **Dkt. #1**. This delay in repudiation equates to a forfeiture of Grullon's right to claim duress. *See VKK Corp.,* 244 F.3d at 122 ("delays as short as six months have" constituted forfeiture of duress claims); *Oquendo v. CCC Terek*, 111 F.Supp.3d 389, 410 (S.D.N.Y. 2015) (eight-month delay constituted forfeiture of duress claim).

Grullon's arguments excusing her delayed repudiation are without merit.

First, while ongoing duress would delay an obligation to repudiate, *Guttenplan,* 634 N.Y.S.2d at 703, duress is not ongoing merely because it may be

---

[3] Delta also argued that: (1) the Montreal Convention, Federal Aviation Act, and Airline Deregulation Act preempt Grullon's claims; and (2) her claims fail as a matter of law. Because the Court concludes that Grullon ratified the release of her claims, these arguments need not be addressed.

"renewed if [Grullon] successfully maintained an action for rescission," *Kovian v. Fulton Cnty. Nat'l Bank and Trust Co*., 857 F.Supp. 1032, 1040 (N.D.N.Y. 1994). After Grullon signed the released and returned home, the duress was removed.  Any claim that she continued to fear criminal prosecution is bellied by the fact that she travelled back to the Dominican Republic in 2017 and flew Delta again in 2018. **Grullon Depo. at 20-21**.

Grullon's argument that her repudiation was timely considering her lack of sophistication likewise fails.  She was represented by counsel within three months of the incident.  *See* **Dkt. # 41-43**.  Repudiation at that time would have been timely.

III.

Accordingly, Delta's motion for summary judgment is GRANTED as Grullon forfeited her right to assert duress, rendering the release of all claims valid and enforceable.

**SO ORDERED.**

_/S/ Frederic Block_____<br>FREDERIC BLOCK<br>Senior United States District Judge

Brooklyn, New York
July 24, 2020